Ruth, J.
Charles E. Cummins, plaintiff herein, is the owner of premises known as No. 2263 Summit street, Columbus, Ohio, which the defendant, Charles A. Wikoff, leased by written indenture for a period of one year and ten days, said lease commencing on the 21st day of September, 1916, and ending on the 30th day of September, 1917.
Defendant" moved from said premises which he occupied as a dwelling, October 2, 1917. The facts show that, the 30th of September, 1917, was Sunday and defendant moved on the following Tuesday. The evidence adduced further shows that prior to the expiration of the written lease, to-wit: September 30, 1917, plaintiff and defendant had several conversations with reference to the clause contained in the lease which gave the defendant the privilege of renewing same for the period of six months after the expiration of the original lease. The plaintiff testified that he had a talk with the defendant in his office about the 20th day of September, 1917, and that a further conversation took place over the phone between plaintiff and defendant during which conversation the defendant called attention to the expiration of his lease about ten days later, whereupon, the plaintiff replied, that he thought, that the lease called for 18 months and stated he would look up the matter, whereupon the plaintiff after making an investigation called Wikoff .at his office next morning, and in that conversation Mr. Wikoff wanted to know if the plaintiff could allow him to have the premises for a month or two after the expiration of the original term, to-wit, September 30, 1917, to which the plaintiff replied that he could not, and insisted that the defendant move by the 30th of September or occupy premises for another six months. The latter was not agreed to by the defendant, and plaintiff testified that he expected Mr. Wikoff, the defendant, to vacate by the 30th and he further testified that there was nothing in Mr. Wikoff’s conversation that would lead him to believe he was going to continue in the premises for a further period of six months.
From this testimony of the plaintiff himself the court is warranted in concluding that no understanding or agreement *589 was entered into by or between the plaintiff and defendant to either take advantage of the renewal clause in the lease or for any shorter period, so that this brings us faee to face with the question as to whether or not a holding over of the premises in this case for a period of two days constitutes in law a new period for which the defendant can be held for the same durg^ tion as the written lease. If the court in deciding this question were to follow the old line of authorities and decisions, it could easily dispose of the question and the conclusion would be against defendant’s contention, for the general rule laid down by the earlier authorities and decisions was-:
‘ ‘ That where a tenant for one or more years holds over after the expiration of his term, the landlord has the option to treat him as a trespasser or a tenant for another year upon the terms of the prior lease.”
In the case under consideration the landlord bringing this action signified his intention to hold the tenant under the lease. The old rule did not seem to give much consideration to the intention of the parties, but firmly held that the tenant holding over, no matter under what arrangement, or agreement, the landlord at his option could hold the tenant for .a period covered by the prior léase.
Recent decisions, however, undoubtedly modify the old rule to the extent of recognizing the agreements and intentions of the parties and make that the deciding point as to whether or not a holding over by the tenant constitutes a new term.
In Crow v. Sims, 16 C.C.(N.S.), 257, decided in 1901, the court holds:
V Where a tenant from month to month moves out on the last day of the month, but, through the fault of his movers, some of his goods remained in the house until the next morning, there is not such holding over as to constitute him a tenant for another month. (See note 4, page 406 of 18th Vol. of A. & E. Encyc. of Law; also 133 N. Y., 287; 159 N. Y., 28.”
Prom this case it will be observed the court modifies the hard and fast rule laid down by the earlier decisions and in- *590 dines to the more liberal and reasonable construction.
In the case of Wheeler v. Crouse, Ex., 1 C. C., 127, the court holds that:
“Holding over after expiration of term not conclusive; such holding over is not conclusive, but only prima facie, and may be rebutted.”
This is a case where a tenant before his lease expired notified the landlord that he wanted certain repairs made upon the premises and the landlord refused and defendant then notified landlord he will not renew his lease, but hold over until such time as he can find other premises and pay one month’s rent in advance and same was received by the landlord. It was held by the court:
“That the tenant is liable only for time he occupies premises. ’ ’
Here again the court applies a more natural and reasonable modification of the rule, to the effect that the intention of the parties should govern.
A recent case decided in 25 C.C.(N.S.), 385, Walker v. Bumiller, which dwelt largely with the question as to whether a verbal contract for a new lease from month to month, between landlord and tenant in possession under an existing written lease by the year, is within the statute of frauds. This case was decided by the court mostly on precedents and the earlier decisions which were against the foregoing question, ,and the court in its decision frankly admits that it was inclined to a different view, but owing to the earlier decisions of the courts, it had held with them, and a reading of the opinion clearly shows that the intention of the parties was clearly ignored and that the more reasonable and sensible construction of the rule, which the court intimated it had given the case, was sacrificed to the earlier decisions and precedents.
This court must frankly admit that it was a pleasure to read the opinion of the Supreme Court of Ohio in the 95 O. S., p. 344, Bumiller v. Walker, which reversed the circuit court deci *591 sion, in which the Supreme Court held “The presumption of the yearly tenancy from holding over is rebuttable”; thereby deciding directly contrary to the rule laid down in Walker v. Bumiller, heretofore referred to, decided by the circuit court.
The Supreme Court in 95 O. S. being the latest decision on this question in Ohio, I believe strikes the true and responsive trend of modern day jurisprudence and lays down the correct rule, which does not necessarily overrule or set aside a long and well established doctrine of the earlier courts of our state, but merely modifies and relaxes it to conform with modern day dealings between men and applies thereto a reasonable, just and sensible principle of law.
The presumption that “a tenant holding over after the expiration of the yearly term is a tenant from year to year isrebuttable; and to rebut this legal presumption, the parties are permitted to show what their true intention was, where the tenant remained in possession after the expiration of his former term,” and establishes in this court’s opinion the correct rule of law as it now is.
Applying this rule to the facts as disclosed by the evidence, to-wit, that no new agreement was entered into either in writing or verbally to renew the lease or for a shorter period and both parties expected to terminate their relations upon the 30lth day of September, 1917, as landlord and tenant; and the court being convinced that the holding over to the second day of October was caused solely by the fact, that the 30th day of September, 1917, happened to fall upon Sunday, upon which day we all will concede it was impracticable to move, and the defendant having on the last day of his lease prepared to vacate said premises, but through no fault of his, was delayed from actually removing his household goods until October 2, 1917, — this court holds that such a holding over does not constitute a sufficient action on the part of the tenant for the law to imply a renewal of the lease.
A further question was raised in this ease with reference to damages to the premises caused by the fault of the storage and transfer company, employed by defendant, in removing his goods to the sidewalk in front of the premises. The defend *592 ant claimed that the relation of bailor and bailee existed, consequently the landlord can not recover for such injuries. In order to properly understand this contention and to realize its unsoundness we have only to give the definition of bailments which are as follows:
“A delivery of something of a personal nature by one party to another, to be held according to the purpose or object of the delivery, and to be returned or delivered over when that purpose is accomplished.”
“Bailee — One to whom goods are bailed; the party to whom personal property is delivered under a contract of bailment.”
“Bailor — He who bails a thing to another. The bailor must act with good faith towards bailee and permit him to enjoy the thing bailed according to contract.”
From this it will be observed that no such relation existed, but that the storage and transfer company by contract became-the agent of the defendant to move the household goods from one place to another, consequently defendant is liable for the damage to the premises caused by the negligent acts of his agent.
The court, after being fully advised in the premises, refuses the plaintiff’s first cause of action and dismisses same, and further finds in favor of the plaintiff on his second cause of action and renders judgment in his favor for $12.50 and costs.